UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
Angela W. Paduani,
                Plaintiff,         08-CV-5271 (RJD)

- against -                     MEMORANDUM
                                       OPINION AND ORDER
Commissioner of Social Security,
                Defendant.
----------------------------------------X
DEARIE, Chief Judge.

    Angela W. Paduani commenced this action against the Commissioner of Social Security on December 18, 2008, seeking review of the Commissioner's decision denying her application for Social Security disability insurance ("SSDI") benefits under Title II of the Social Security Act. Plaintiff claims that she is entitled to receive SSDI benefits due to severe medically determinable impairments, specifically back and knee impairments, resulting from an injury on November 17, 1986, and diagnosed psychological impairments, which she alleges prevent her from performing any work. Before this Court are the parties' cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g). For the reasons set forth below, this case is remanded to the Commissioner for further proceedings consistent with this opinion.

    Plaintiff was born on November 9, 1944, in Puerto Rico. She graduated from high school and completed two semesters of college. She worked as a Corrections Officer from 1972 until 1986. She stopped working on November 17, 1986, when an inmate

who was trying to escape assaulted her. She was found disabled by the New York City Employees' Retirement System and retired on ordinary disability following a diagnosis of compromised neural foramina bilaterally at L4-5 disk space. She remained insured until December 31, 1992.

Plaintiff filed an application for SSDI benefits on December 29, 1994, alleging disability since November 17, 1986, due to back and knee impairments. The application was denied both at the initial level and on reconsideration. At a June 3, 1996, administrative hearing, Administrative Law Judge ("ALJ") Sol A. Wieselthier considered plaintiff's case *de novo*, and found that while plaintiff was unable to return to her former employment as a corrections officer, she was able to perform other work in the national economy. Accordingly, he found that plaintiff was not disabled and that she was ineligible for SSDI benefits. Ms. Paduani appealed the ALJ's decision. The Appeals Council denied review on April 3, 1997.

Plaintiff then commenced an action in the United States District Court for the Eastern District of New York. On September 15, 1998, the court remanded the case to the Commissioner for further proceedings, and on October 28, 1998, the Appeals Council remanded the case to the ALJ. A supplemental hearing was held before ALJ Wieselthier on May 1, 2000. On July 27, 2000, ALJ Wieselthier issued a decision denying plaintiff's

claim on the basis that she could perform light work and therefore was not disabled according to Medical Vocational Rule 202.21. Plaintiff did not appeal that finding.

On July 23, 2004, plaintiff requested re-adjudication of her claim pursuant to Acquiescence Ruling 00-4(2) and the standards set forth in *Curry v. Apfel*[1], 209 F.3d 117 (2d Cir. 2000). On October 17, 2006, ALJ Wieselthier denied plaintiff's application for SSDI benefits because he found that she was able to perform work in the national economy and was "not disabled" under Medical Vocational Rule 202.21. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 21, 2008.

Plaintiff filed the instant action *pro se* on December 18, 2008. She requested appointment of counsel through the pro bono panel, and an attorney was appointed to represent her. The matter was argued before the Court on March 18, 2010. The Court determined that the ALJ's opinion contains legal errors which warrant remand.

The ALJ erred by: (1) failing to consider plaintiff's

---

[1] In *Curry*, the Second Circuit found that,
"[a]lthough the law is well established that the burden of proof shifts to the Commissioner at the fifth step [20 C.F.R. § 434.1520(g)], the ALJ's conclusion that the 'record does not establish that the claimant is unable to sit for prolonged periods of time' evinces a disregard for this procedure. Rather than requiring [plaintiff] Curry to demonstrate that he cannot sit for extended periods, the law requires the Commissioner to prove that Curry can sit for the requisite number of hours each day."
209 F.3d 117, 123 n.1.

diagnosis of personality disorder in his analysis[2]; (2) failing to consider plaintiff's obesity in his analysis; (3) finding that the GAF score of 40 was not supported by the record; and (4) failing to provide a proper credibility assessment as to plaintiff's pain.

**Plaintiff's Personality Disorder is an Impairment and Must Be Considered in Determining Disability**

The ALJ did not consider plaintiff's diagnosis of an unspecified personality disorder. The ALJ did not address plaintiff's personality disorder other than to state that on December 3, 1990, plaintiff's termination summary from St. John's University Psychological Services Center stated that she was diagnosed with an unspecified personality disorder. Nothing in the record suggests that the ALJ conducted any inquiry or a professional assessment or interpretation. Not surprising, there is no indication as to whether the ALJ considered if plaintiff's personality disorder was a severe impairment, nor did the ALJ discuss what effects, if any, the personality disorder had on plaintiff's ability to function in step two of his analysis. The ALJ did not include personality disorder among plaintiff's combination of impairments in step three of his analysis. *See,*

---

[2] Plaintiff argued that the ALJ erred by concluding that dysthymia is per se a mild form of depression and therefore cannot be a severe impairment. However, the ALJ did not determine that dysthymia is a per se mild form of depression, rather he determined that plaintiff's dysthymia is mild. The ALJ's determination that plaintiff's dysthymia is not a severe impairment is supported by substantial evidence on the record.

e.g., *Burgin v. Astrue*, No. 08-1062-CV, 2009 WL 3227599 (2d Cir. 2009)(on appeal for denial of SSDI benefits, the Second Circuit vacated and remanded the ALJ's decision because the ALJ did not list all of the plaintiff's impairments when he was considering the plaintiff's combined list of impairments while determining plaintiff's residual capacity). "[A]nd [the ALJ] did not meaningfully consider how her combined mental disorders affected her social functioning, concentration, persistence, or pace, all of which were important factors in determining whether [plaintiff] could engage in substantial gainful activity," in step four. *Id.* Thus, remand is warranted for appropriate inquiry and findings as to the diagnosed personality disorder's affect on plaintiff's claim. *See Aponte v. Sec'y, Dep't of Health & Human Servs. of U.S.*, 728 F.2d 588 (2d Cir. 1984).

**The ALJ Must Consider Plaintiff's Obesity**

The ALJ did not consider plaintiff's obesity in his analysis. There is, however, evidence in the record that plaintiff's weight was monitored closely by her doctors, especially Dr. Liu. Treating physicians' notes indicate that plaintiff's obesity negatively impacted her existing back and knee impairments. Therefore, there were "additional and cumulative effects of obesity" which limited plaintiff's ability to perform work, and the ALJ must consider plaintiff's obesity in his cumulative analysis. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §

1.00Q.

**The ALJ Should Review the GAF Score to Determine whether it is Supported by the Combined Diagnoses of Personality Disorder and Dysthymia**

The ALJ discounted the GAF score of 40 assigned by the treating psychologist because he determined, based upon Dr. Fine's testimony[3], that plaintiff's dysthymia was mild and would not support such a low score. However, in this determination, the ALJ and Dr. Fine did not consider plaintiff's personality disorder. A personality disorder is a "general term for a group of behavioral disorders characterized by usually lifelong ingrained maladaptive patterns of subjective internal experience and deviant behavior, lifestyle, and social adjustment, which patterns may manifest in impaired judgment, affect, impulse control and interpersonal functioning." *Stedman's Medical Dictionary* 527 (27th Edition, 2000). A GAF of 40 may be a reasonable assessment of a patient with personality disorder because a GAF of 31 to 40 signifies "some impairment in reality testing or communication (e.g. speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or

---

[3] Dr. Fine testified that the GAF score was incorrect because plaintiff was not taking medication to treat her psychological symptoms. In fact, on September 28, 1992, plaintiff was prescribed Meprobamate by Dr. Liu. Tr. 329-330. Meprobamate treats anxiety disorders. It is not clear from the record why Dr. Liu prescribed the medication.

mood (e.g. depressed man avoids friends, neglects family, and unable to work ... )." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR) 34, 4th edition (2000). According to the treatment records, plaintiff's mood and family relations were impaired. Therefore the ALJ is directed to reconsider whether the low GAF score is supported by substantial evidence of plaintiff's combined mental illnesses.

**The ALJ Erred in His Credibility Assessment**

An ALJ must consider a plaintiff's subjective complaints concerning pain. 20 C.F.R. § 404.1529. Pain alone may support a finding of disability. *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999). Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings. *Id.*, at 135 (citing *Donato v. Sec'y of HHS*, 721 F.2d 414, 418-19 (2d Cir. 1983)).

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Fuller v. Astrue*, No. 07-CV-2634 (CPS), 2008 WL 2381628 (E.D.N.Y. June 5, 2008). "[A] claimant with a good

work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Horan v. Astrue*, No. 09-0009-CV, 2009 WL 3161379, at *2 (2d Cir. 2009) (internal citation omitted). Ignoring a good work record is a legal error. *Id.* The ALJ does not explain whether he substantially credited plaintiff's testimony. On remand, the ALJ is directed to reconsider plaintiff's subjective allegations of pain in light of her 14 year work history.

For the reasons set forth above, this case is remanded to the Commissioner for further proceedings consistent with this opinion. The Clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          May 5, 2010

                                    s/ Judge Raymond J. Dearie
                                     _____
                                    United States District Judge